# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL DONEGAN,<br><br>    Plaintiff,<br><br>v.<br><br>J. B. HUNT TRANSPORT, INC.,<br><br>    Defendant. | Civil Action No.: 3:25-cv-11246-SAL |

## COMPLAINT

Plaintiff Michael Donegan, by and through his undersigned attorneys, complains of Defendant and alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff Michael Donegan ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff has been a resident and citizen of the State of South Carolina.

2.      Defendant J. B. Hunt Transport, Inc. ("J. B. Hunt"), is a Georgia for-profit corporation with its headquarters and principal place of business in Lowell, Arkansas. At all relevant times, Defendant has been a resident of the State of Arkansas and the State of Georgia.

3.      The Columbia Division is proper because the motor vehicle collision, which is the incident giving rise to this cause of action, took place in Columbia, South Carolina, as further shown below.

4.      This Court has personal jurisdiction over Defendant J. B. Hunt because Defendant J. B. Hunt was, at the time this cause of action arose, doing business in South Carolina through its

agent Ervin Milhouse, and this cause of action relates to and arises out of Defendant J.B. Hunt's contacts with South Carolina, as further shown below.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendant is a citizen and resident of Georgia and Arkansas such that there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## FACTUAL ALLEGATIONS

6. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

7. On the day of the Crash, Defendant J. B. Hunt was a motor carrier registered with the USDOT under USDOT Number 80806.

8. At the time of the crash, Defendant J. B. Hunt was operating a commercial motor vehicle with a gross vehicle weight rating greater than 26,000 pounds in interstate commerce.

9. At the time of the crash, Defendant J. B. Hunt's agent Ervin Milhouse was an employee of J. B. Hunt acting in the course and scope of his employment with J. B. Hunt.

10. Prior to the crash, unknown employees and agents of Defendant J. B. Hunt loaded the cargo onto the commercial motor vehicle.

11. On or about May 5, 2025, Defendant J. B. Hunt was transporting a trailer full of loose chicken viscera in a tractor-trailer driven by J. B. Hunt employee Ervin Milhouse.

12. At the same time, Plaintiff was riding his motorcycle behind the J. B. Hunt truck.

13. Plaintiff was riding his motorcycle in a safe and legal manner.

14. As the truck and trailer were driving west on Interstate 20, improperly secured chicken viscera fell out of the trailer onto the interstate in front of Plaintiff, causing him to lose control of his motorcycle and crash.

15. Due to the Crash which Defendant J. B. Hunt and its agent caused, Plaintiff suffered severe bodily injury and property damage.

## COUNT I
(Negligence *per se*)

16. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

17. Defendant J. B. Hunt and its agents owed Plaintiff statutory duties to operate their vehicle reasonably and safely to not cause injury to Plaintiff.

18. Defendant J. B. Hunt and its agents failed to exercise due care in securing the load in order to avoid causing the Crash.

19. Defendant J. B. Hunt and its agents breached their duty to Plaintiff by failing to exercise due care to firmly immobilize or secure the load under transport, and to prevent the cargo from leaking, spilling, blowing, or falling from the commercial motor vehicle.

20. Defendant J. B. Hunt's violation of its statutory duties constitutes negligence *per se*.

21. Defendant J. B. Hunt's breach of its statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

22. Defendant J. B. Hunt's violations of its statutory duties caused Plaintiff's damages, including but not limited to the following:

    a. Significant past and future medical expenses;

      b. Lost income and reduced earning capacity;
      c. Emotional distress and anxiety;
      d. Mental anguish;
      e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
      f. Other damages as will be shown in the discovery and trial of this case.

23. Because Plaintiff was injured as a direct result of Defendant J. B. Hunt's violations of its statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

24. Defendant J. B. Hunt's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant J. B. Hunt for its reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant J. B. Hunt violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT II
(Negligence)

25. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

26. Defendant J. B. Hunt and its agents owed Plaintiff a common-law duty to do the following:

    a. Maintain its vehicle in a roadworthy manner;
    b. Operate the vehicle in a safe manner;
    c. Ensure the proper securement of the cargo under transport; and
    d. To use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing.

27. Defendant J. B. Hunt and its agents breached their duty to Plaintiff in the following ways:

   a. Failing to maintain its vehicle in a roadworthy manner;
   b. Operating the vehicle in an unsafe manner;
   c. Failing to ensure the proper securement of the cargo under transport; and
   d. In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing, all of which was the direct and proximate cause of the damages and injuries suffered by the Plaintiff herein, said acts being in violation of the statutory and common laws of the State of South Carolina.

28. Defendant J. B. Hunt and its agents' breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

29. Defendant J. B. Hunt's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant J. B. Hunt's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

   a. Significant past and future medical expenses,
   b. Lost income and reduced earning capacity,
   c. Personal property damage,
   d. Emotional distress and anxiety,
   e. Mental anguish,
   f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
   g. Other damages as will be shown in the discovery and trial of this case.

30. Because Plaintiff was injured as a direct result of Defendant J. B. Hunt's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

31. Defendant J. B. Hunt's acts and omissions demonstrate such want of care as to show Defendant J. B. Hunt was consciously indifferent both to the consequences of its acts and

omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant J. B. Hunt should also pay punitive damages in the amount the jury determines appropriate to punish Defendant J. B. Hunt for its reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant J. B. Hunt violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT III
(Vicarious Liability)

32. Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

33. At the time of the crash that is the subject of this lawsuit, Ervin Milhouse and J. B. Hunt's other agents acted in the course and scope of their employment on behalf of Defendant J. B. Hunt.

34. Defendant J. B. Hunt, thus acting through its agent, servant, and employee Ervin Milhouse and its other agents, is vicariously liable for their negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

35. Plaintiff asks this Court to enter judgment ordering Defendant J. B. Hunt to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV
(Negligent Hiring, Training, Supervision, and Retention)

36. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

37. Defendant J. B. Hunt was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining its agents to load and operate a vehicle on Defendant J. B. Hunt's behalf in one or more of the following ways:

   a. Failing to have policies and procedures to train or monitor its employees, or if such policies and procedures were in place, failing to enforce them;
   b. Failing to ensure its employees had proper training and experience to load and operate a vehicle for Defendant J. B. Hunt safely and effectively; and

38. Defendant J. B. Hunt knew or should have known that hiring, training, supervising, or retaining its agents posed a risk of foreseeable harm to third parties.

39. Plaintiff asks this Court to enter judgment ordering Defendant J. B. Hunt to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award him actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
SC Bar No.: 106477
M. COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:    (843) 947-6113

jbiggart@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

August 20, 2025
Charleston, South Carolina