# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Michael Donegan, | ) Civil Action No. 3:25-cv-11246-SAL |
| Plaintiff, | ) |
| v. | ) **DEFENDANT J.B. HUNT TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| J.B. Hunt Transport, Inc., | ) |
| Defendant. | ) (Jury Trial Demanded) |

Defendant J.B. Hunt Transport, Inc. (J.B. Hunt), files this Answer to Plaintiff Michael Donegan's Complaint and would respectfully show unto the Court:

**FOR A FIRST DEFENSE AS TO ALL CAUSES OF ACTION**

1. J.B. Hunt denies each and every allegation of Plaintiff's Complaint not specifically admitted or explained.

**ANSWERING "PARTIES, JURISDICTION AND VENUE"**

2. J.B. Hunt is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

3. J.B. Hunt denies the allegations contained in Paragraph 2 of the Plaintiff's Complaint, as written. J.B. Hunt submits that it is a commercial motor carrier in the business of transporting goods and transacting certain business in the State of South Carolina.

4. Paragraphs 3, 4, and 5 of Plaintiff's Complaint assert no allegation against J.B. Hunt to which a response is required. Further answering, these Paragraphs contain conclusions of law. To the extent a response is required, either to the

allegations or conclusions of law contained in these Paragraphs, J.B. Hunt denies the same.

## ANSWERING "FACTUAL ALLEGATIONS"

5. In response to Paragraph 6 of Plaintiff's Complaint, J.B. Hunt repeats, realleges, and incorporates herein by reference its responses to Paragraphs 1 through and including 5 of Plaintiff's Complaint.

6. Paragraphs 7, 8, and 9 of Plaintiff's Complaint assert no allegation against J.B. Hunt to which a response is required. To the extent a response is required, J.B. Hunt denies the same.

7. J.B. Hunt denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, as written.

8. Paragraphs 11, 12, and 13 of Plaintiff's Complaint assert no allegation against J.B. Hunt to which a response is required. To the extent a response is required, J.B. Hunt denies the same.

9. J.B. Hunt denies the allegations contained in Paragraphs 14 and 15 of Plaintiff's Complaint.

## ANSWERING "COUNT I – Negligence *Per Se*"

10. In response to Paragraph 16 of Plaintiff's Complaint, J.B. Hunt repeats, realleges, and incorporates herein by reference its responses to Paragraphs 1 through and including 15 of Plaintiff's Complaint.

11. J.B. Hunt denies the allegations contained in Paragraphs 17 through and including 24, including all subparts, of Plaintiff's Complaint.

## ANSWERING "COUNT II – Negligence"

12. In response to Paragraph 25 of Plaintiff's Complaint, J.B. Hunt repeats, realleges, and incorporates herein by reference its responses to Paragraphs 1 through and including 24 of Plaintiff's Complaint.

13. J.B. Hunt denies the allegations contained in Paragraphs 26 through and including 31, including all subparts, of Plaintiff's Complaint.

## ANSWERING "COUNT III – Vicarious Liability"

14. In response to Paragraph 32 of Plaintiff's Complaint, J.B. Hunt repeats, realleges, and incorporates herein by reference its responses to Paragraphs 1 through and including 31 of Plaintiff's Complaint.

15. J.B. Hunt denies the allegations contained in Paragraphs 33, 34, and 35 of Plaintiff's Complaint.

## ANSWERING "COUNT IV – Negligent Hiring, Training, Supervision, and Retention"

16. In response to Paragraph 36 of Plaintiff's Complaint, J.B. Hunt repeats, realleges, and incorporates herein by reference its responses to Paragraphs 1 through and including 31 of Plaintiff's Complaint.

17. J.B. Hunt denies the allegations contained in Paragraphs 37, 38, and 39, including all subparts, of Plaintiff's Complaint.

18. The remainder of Plaintiff's Complaint contains Plaintiff's Prayer for Relief and Demand for a Jury Trial, both of which are denied.

## FOR A SECOND AFFIRMATIVE DEFENSE

19. J.B. Hunt asserts that Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted against J.B. Hunt and should, therefore, be

dismissed.

## FOR A THIRD AFFIRMATIVE DEFENSE

20. If it is determined that J.B. Hunt was negligent as alleged in Plaintiff's Complaint, which is expressly denied, the negligence of Plaintiff should be compared to that of J.B. Hunt and the negligence of any other person or entity, and the damages awarded to Plaintiff, if any, should be apportioned by the amount of Plaintiff's or any others' fault and negligence in accordance with the comparative negligence law of South Carolina.

## FOR A FOURTH AFFIRMATIVE DEFENSE

21. J.B. Hunt asserts that the injuries and damages sustained by Plaintiff, if any, were solely and proximately caused by the intervening and superseding negligence, carelessness, gross negligence, willfulness, wantonness and/or reckless conduct of others over whom J.B. Hunt had no control and for whose unforeseeable actions J.B. Hunt is not liable.

## FOR A FIFTH AFFIRMATIVE DEFENSE

22. Upon information and belief, any injuries or damages alleged in Plaintiff's Complaint were not proximately caused by any wrongdoing on behalf of J.B. Hunt, but rather were proximately and solely caused by Plaintiff or others, and as a result thereof, J.B. Hunt is not liable to Plaintiff for the matters set forth in Plaintiff's Complaint.

## FOR A SIXTH AFFIRMATIVE DEFENSE

23. J.B. Hunt asserts that Plaintiff's damages, if any, have been exacerbated by Plaintiff's failure to mitigate and his damages, if any, should be reduced by the amount attributable to their failure to mitigate or waived completely.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

24. J.B. Hunt asserts that Plaintiff's alleged injuries and damages were not caused by any departure or deviation by J.B. Hunt from any applicable standards of care.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

25. No acts or omissions on the part of J.B. Hunt were the proximate cause or cause in fact of Plaintiff's alleged injuries and/or damages.

**FOR A NINTH AFFIRMATIVE DEFENSE**

26. In the event Plaintiff has already, or in the future, enters into settlement or compromise with, or execute any release of, any present or future Defendant, Third-Party Defendant or any non-party, for any of Plaintiff's alleged injuries and damages, J.B. Hunt is entitled to a credit or set-off of: (a) the amount of consideration to be received by Plaintiff in such settlement or for such release; and (b) the proportionate or pro rata share of liability of the settling or released party or non-party.

**FOR A TENTH AFFIRMATIVE DEFENSE**

27. Plaintiff's receipt of benefits or entitlement to benefits under the Social Security Administration, or other similar compensatory systems, entitles J.B. Hunt to a reduction, set-off and/or credit against any judgment that might be entered against it in this action.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

28. J.B. Hunt would show that Plaintiff's alleged injuries and damages were caused by concurring, superseding, and/or intervening causes.

**FOR A TWELFTH AFFIRMATIVE DEFENSE**

29. J.B. Hunt owed no duty to Plaintiff, as alleged in Plaintiff's Complaint. In the alternative, J.B. Hunt asserts that the alleged breach of any duty owed to Plaintiff was not a proximate cause of the incident or Plaintiff's alleged damages.

**FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

30. Plaintiff's claims in the Complaint, and each count thereof, that seek exemplary or punitive damages violate J.B. Hunt's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 and other applicable provisions of the Constitution of the State of South Carolina, and any other state's law which may be applicable.

**FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

31. Punitive damages are inappropriate in this case since J.B. Hunt did not engage in any grossly negligent, willful, wanton, malicious, reckless or intentional conduct upon which an award of punitive damages could be based.

**FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

32. J.B. Hunt pleads the limitations on damage awards pursuant to S.C. Code Ann. § 15-32-510, *et seq*. and requests bifurcation in accordance with these statutes.

**FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

33. J.B. Hunt pleads the limitations on damage awards pursuant to S.C. Code Ann. § 15-32-200, *et seq*.

**FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

34. J.B. Hunt reserves the right to assert, via amended pleadings, any and all additional and/or further defenses as may be revealed by additional information and/or

documentation produced and/or acquired through discovery or otherwise herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant J.B. Hunt Transport, Inc. demands that the same be dismissed and that it recover its costs incurred. J.B. Hunt prays for such other and further relief, both general and special, legal and equitable, to which it may be justly entitled.

RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400

*s/ R. Wilder Harte*
Steven J. Pugh (Fed. ID No. 7033)
spugh@richardsonplowden.com
R. Wilder Harte (Fed. ID No. 12514)
wharte@richardsonplowden.com

ATTORNEYS FOR DEFENDANT J.B. HUNT TRANSPORT, INC.

September 9, 2025