IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Donegan, | Civil Action No. 2:21-cv-03395-BHH |
| Plaintiff, | |
| v. | **DEFENDANT J.B. HUNT TRANSPORT, INC.'S RESPONSES TO LOCAL CIVIL RULE 26.03** |
| J.B. Hunt Transport, Inc., | |
| Defendant. | |

1. A short statement of the facts of the case.

**ANSWER:**

According to the Complaint, Plaintiff sues to recover damages arising from a motor vehicle accident that occurred on May 5, 2025, in Richland County, South Carolina when a motorcycle being operated by Plaintiff Michael Donegan crashed due to "improperly secured chicken viscera" (Compl. ¶¶ 14–15) from a tractor and trailer being operated by a Defendant J.B. Hunt Transport, Inc. employee (see generally, Pl's Compl.). Plaintiff asserts J.B. Hunt's agents and/or employees failed to properly load the trailer and failed to exercise due care in preventing the trailer's load from leaking, spilling, blowing, or falling from the trailer. Compl. ¶¶ 18–19.

J.B. Hunt has filed an Answer to Plaintiff's Complaint in which it denies Plaintiff's claims and attempts to impose liability or seek damages or relief under any theory or claim asserted by Plaintiff in his Complaint.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected Testimony.

**ANSWER:**

J.B. Hunt's witnesses may include any witness listed by Plaintiff Michael Donegan in his Responses to Local Civil Rule 26.03 and may also include:

a.      Plaintiff Michael Donegan.  It is expected that this witness will testify about the incident forming the basis of his Complaint and his claimed injuries and damages.

b.      Ervin Milhouse.  It is expected that this witness will testify about the incident forming the basis of Plaintiff's Complaint.

c.      Agents and/or employees of the South Carolina Highway Patrol.  Upon information and belief, the responding officers may testify as to their observations, inspection of the vehicles, and resulting investigation upon being called to the scene of the incident forming the basis of Plaintiff's Complaint.

d.      Agents and/or employees of J.B. Hunt are expected to testify regarding business operations, as well as hiring, maintenance, training, and driver qualification policies and procedures.

J.B. Hunt reserves the right to supplement these Responses and identify any additional witnesses identified during the course of discovery.

3.      The name and subject matter of expert witness (if no witnesses have been identified, the subject matter and field of expertise should be given as to the experts likely to be offered).

**ANSWER:**

J.B. Hunt has not yet determined what experts may be retained to offer expert opinion testimony in this matter, and reserve the right to identify any such experts

**within the deadlines provided for in the scheduling order issued by the Court.**

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER:**

**J.B. Hunt admits that Ervin Milhouse was an employee of J.B. Hunt. Further, J.B. Hunt denies Plaintiff's claims and attempts to impose liability or seek damages or relief under any theory or claim asserted by Plaintiff in his Complaint and assert several affirmative defenses, including, but not limited to, comparative negligence, assumption of risk, negligence of third parties and failure to mitigate damages. The following authorities, among others, may apply: <u>Nelson v. Concrete Supply Co.</u>, 303 S.C. 243, 399 S.E.2d 783 (1991); <u>Meadows v. Heritage Village Church</u>, 305 S.C. 375, 409 S.E.2d 349 (1991); <u>Singleton v. Sherer</u>, 377 S.C. 185, 659 S.E.2d. 196 (Ct. App. 2008); and <u>Anderson v. Green Bull, Inc.</u>, 322 S.C. 268, 471 S.E.2d 708 (Ct. App. 1996).**

**J.B. Hunt incorporates by reference all affirmative defenses pled in its Answer to Plaintiff's Complaint and reserves the right to raise any additional defenses at a future date as discovery commences and additional information is revealed.**

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) Completion of discovery.

**ANSWER:**

**The parties have conducted the mandatory Rule 26(f) Conference and intend to submit a proposed Amended Conference and Scheduling Order.**

6. The parties shall inform the Court whether there are any special

circumstances which would affect the time frames applied in preparing the scheduling order.

**ANSWER:**

**The parties are not aware of any such special circumstances.**

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:**

**Nothing else known to the parties.**

Respectfully Submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400

*s/ R. Wilder Harte*
Steven J. Pugh (Fed. I.D. No. 7033)
spugh@richardsonplowden.com
R. Wilder Harte (Fed. I.D. No. 12514)
wharte@richardsonplowden.com

ATTORNEYS FOR DEFENDANT J.B. HUNT TRANSPORT, INC.

October 6, 2025