IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Donegan, | Civil Action No. 3:25-cv-11246-SAL |
| Plaintiff, | |
| v. | **LOCAL CIV. RULE 26.03 DISCLOSURES** |
| J.B. Hunt Transport, Inc., | |
| Defendant. | |

I. **Local Civ. Rule 26.03 (D.S.C.) Disclosures**

1. **Short statement of the facts of the case:**

   RESPONSE: This action arises from an incident on Interstate 26 in Richland County in which a tractor-trailer operated by J.B. Hunt Transport, Inc. spilled chicken viscera on the Interstate ahead of Plaintiff Michael Donegan, causing him to lose control of his motorcycle. Due to the incident, Plaintiff suffered bodily injury and has undergone medical treatment.

2. **Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

   RESPONSE:

   Plaintiff Michael Donegan

   Mr. Donegan is expected to testify as to his knowledge of the facts and circumstances surrounding the subject incident, the nature and extent of his injuries, his subsequent medical treatment, and the other elements of damage he suffered.

   Andrea Donegan

   Mrs. Donegan is expected to testify as to her knowledge of Plaintiff's condition prior to the incident, the injuries Plaintiff suffered, Plaintiff's subsequent medical treatment, and the effects of the incident on Plaintiff's life.

   Representatives of J.B. Hunt Transport, Inc.

Representatives of J.B. Hunt Transport, Inc. are expected to testify regarding their policies and procedures, the loading of the involved tractor-trailer, and to any other relevant corporate knowledge which discovery may reveal.

Ervin Millhouse

Ervin Millhouse is expected to testify regarding the factual circumstances of the incident, as well as his personal knowledge regarding the loading and securement of the trailer contents.

TFC M.T. Singleton c/o South Carolina Highway Patrol, Troop 1

TFC Singleton is the law enforcement officer who investigated the subject incident. TFC Singleton is expected to testify regarding his investigation of the crash.

Jason Highsmith, MD c/o Carolina Neurosurgery & Orthopedics

Dr. Highsmith is a treating physician providing medical treatment to Plaintiff following the crash. Dr. Highsmith is expected to testify regarding Plaintiff's injuries, his treatment of Plaintiff's injuries, medical causation, and any recommendations for future care.

3.   **The names and subject matter of expert witnesses:**

RESPONSE:

Plaintiff has not retained any experts expected to testify at this time. Plaintiff expects to call Plaintiff's treating doctors to testify under Rule 26(a)(2)(C), Federal Rules of Civil Procedure. Additionally, Plaintiff anticipates calling expert witnesses to testify about the medical causation of Plaintiff's injuries, permanency of Plaintiff's injuries, and the necessity of future medical care. Finally, Plaintiff reserves the right to timely disclose and call an accident reconstruction expert and/or transportation safety expert if necessary.

4.   **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.*, 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

**5.     Proposed Deadlines:**

RESPONSE:   See the Consent Proposed Amended Scheduling Order submitted by the Parties (Dkt. 7-1, Proposed Amended Conference and Scheduling Order).

**6.     Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

RESPONSE:   Plaintiff is not aware of any special circumstances at this time.

**7.     Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

RESPONSE:   Plaintiff does not consent to a trial before a United States Magistrate Judge at this time.

[*Signature on Following Page*]

Respectfully Submitted,

*s/ Cooper Klaasmeyer*
James G. Biggart, II (Fed ID No. 14195)
Jbiggart@forthepeople.com
T:      843-973-5186
Cooper Klaasmeyer (Fed ID No. 14272)
Cooper.klaasmeyer@forthepeople.com
T:      843-973-5438
Morgan & Morgan, PA
4401 Belle Oaks Drive, 3rd Floor
North Charleston, South Carolina 29405

ATTORNEYS FOR PLAINTIFF

September 22, 2025
North Charleston, SC